IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORDEN SHIPPING (SINGAPORE) PTE LTD., <br> Plaintiff, <br><br> v. <br><br> INTERSHIP SERVICES INC., <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | C.A. NO. _____ <br> (ADMIRALTY) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, NORDEN SHIPPING (SINGAPORE) PTE LTD, (hereinafter "Plaintiff" and/or "NORDEN"), files its Complaint against Defendant INTERSHIP SERVICES INC. (hereinafter "Defendant" and/or "ISS") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has admiralty jurisdiction pursuant to 28 U.S.C. §1333 because this case involves claims for indemnity, breach of maritime contract, breach of warranty, and torts committed by Defendant ISS with respect to services provided to NORDEN in respect to M/V Taokas Wisdom.

2. In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between a foreign entity and a domestic corporation as outlined more fully below.

22865: 6PCLH3116.WAD

3.  At all times material hereto, Plaintiff NORDEN was and still is a foreign business entity duly organized and existing under the laws of Singapore with an address and place of business at Suntec City Tower Four #27-05, 6, Temasek Boulevard, Singapore 038986.

4.  At all times material hereto, the Defendant ISS was and still is a corporation duly organized and existing pursuant to the laws of the state of Texas or another of the United States with an office and place of business at 5630 Northdale St. Houston, TX 77087-4028.

## FACTS

5.  At all times relevant herein, Plaintiff NORDEN was the charterer and disponent owner of the vessel M/V Taokas Wisdom, a Panamanian flagged geared bulk cargo vessel.

6.  At all times relevant herein, Defendant ISS was a corporation which "provides Ship Repairs and specializes in Cargo Hold and Tank Cleaning, for all types of cargo and container vessels." http://www.intershipservices.com/

7.  At all times relevant herein, the vessel M/V Taokas Wisdom was under a voyage sub-charter to Koch Carbon (UK).

8.  Under the sub-charter, the M/V Taokas Wisdom was to carry a cargo of prilled sulfur from Corpus Christi, TX, to Prony, New Caledonia.

9.  In March 2011, Plaintiff NORDEN contracted with Defendant ISS under an oral maritime contract for preparation of the vessel's holds prior to the loading of the cargo.

10. In March 2011, Defendant ISS performed services in preparation for the loading of the prilled sulfur cargo, including inter alia, lime washing in the holds of the M/V Taokas Wisdom.

11. Plaintiff NORDEN paid Defendant ISS the sum of $11,000 for the services performed.

12. Cargoes of sulfur are corrosive and require preparation of the cargo hold surfaces to prevent and/or reduce corrosion to the vessel's holds, her parts and equipment.

13. In performing the work, ISS lime washed only the sides of the holds, and failed to apply lime wash to certain of the hydraulic lines, piping and fittings and equipment on the sides of the hold. Further, ISS failed to lime wash the cargo hold tank tops.

14. During the voyage from Corpus Christi to Prony, the cargo of sulfur reacted with the non-lime washed/exposed steel of the M/V Taokas Wisdom's holds and equipment resulting in damage to the holds, lines, fittings, equipment, and tank tops.

15. Among the damaged equipment were various hydraulic lines running through the cargo holds which corroded due to exposure to the sulfur and resulted in hydraulic fluid leaking into the cargo resulting in damage to the cargo.

16. Following the discovery of damage to the vessel and her cargo, and upon the completion of the head charter between the vessel Owner non-party M/V Taokas Wisdom SA ("Owner"), and NORDEN, the Owner commenced arbitration in London (as provided under the terms of the charter entered between Owner and NORDEN) and claimed against NORDEN for damages in the amount of $2,340,545.18, which are particularized as follows:

   a. Repairs to the vessel undertaken at Subic Bay caused by corrosion of the sulfur cargo in the sum of: $243,111.94;

   b. Loss of use of the vessel and bunkers consumed (20 days claimed) during the period the vessel underwent repairs at Subic Bay: $576,043.24;

   c. Replacement of portions of the cargo hold tank tops: $915,182.00;

   d. Indemnity in respect to the claim for damage to the cargo and associated costs: $406,208.00;

  e. Interest on claims and costs 200,000.00.

17. NORDEN extensively defended these claims and ultimately settled with the Owner for $1,028,654.00, a reduction of $1,311,891.18 or 56% off the original claim.

18. At all times ISS was on notice of the claims and was advised as to the settlement discussions.

19. NORDEN itself also suffered its own damages and incurred costs as a result of the damage to the vessel in the amount of $521,299.02 as follows:

  a. Lost demurrage in the sum of $298,564.46 under NORDEN's sub-charter with Koch owing to the cargo damage due to delays in discharging the vessel at Prony;

  b. Payments to Correspondents in the sum of $10,741.10;

  c. Expert Expenses - Bookes Bell in the sum of $54,702.11;

  d. Costs of Defending against Owner's claim in the London arbitration in the sum of $157,291.35.

20. In total, NORDEN has suffered damages in the amount $1,549,953.02 as a result of damage caused to the vessel and her cargo owing to the improper lime washing of the vessel's holds.

### FIRST CAUSE OF ACTION FOR BREACH OF WARRANTY

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 20 above as if fully stated herein.

22. Defendant ISS warranted to perform the lime washing in a workmanlike manner, exercising that degree of due diligence, attention, and skill reasonably expected of those holding themselves out as capable of properly completing the task.

23. The services performed under the contract were for the benefit and at the request of NORDEN and thus ISS owed a warranty to NORDEN.

24. The warranty extends ISS's liability for damages and a breach of the warranty of workmanlike performance for all foreseeable and proximately caused losses incurred, including the value of the cargo lost, loss of use of the vessel, and property damage.

25. The failure to exercise due care in preparing cargo holds for the carriage of sulfur, a well known corrosive cargo, would foreseeably result in damage to the vessel's cargo holds, equipment, and cargo.

26. In breach of the implied warranty of workmanlike performance, Defendant ISS failed to perform such services as agreed with NORDEN in a proper manner thereby resulting in damage to the vessel, its cargo, and NORDEN.

27. As a result of the above, ISS breached its express and/or implied warranty owed to Plaintiff NORDEN, and is therefore liable for all damages incurred or sustained by Plaintiff NORDEN as a result of ISS's breach.

### SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 27 above as if fully stated herein.

29. Pursuant to the maritime contract between Plaintiff NORDEN and Defendant ISS, ISS agreed to perform services in preparation for the loading of the cargo of sulfur.

30. Such services contractually to be provided by ISS included lime washing of the full reach and extent of the vessel's holds, including the tank tops, lines, piping fittings and equipment.

31.     In breach of its contractual duties, Defendant ISS failed to perform such services as agreed with NORDEN resulting in damage to the vessel, its cargo, and NORDEN by reason of the arbitration brought by Owner.

32.     As a result of the above, ISS has breached its contract with Plaintiff NORDEN, and is therefore liable for all damages incurred or sustained by Plaintiff NORDEN as a result of ISS's breach, including amounts paid in settlement for claims of damage to the vessel and the cargo.

## THIRD CAUSE OF ACTION FOR MARITIME TORT

33.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 32 above as if fully stated herein.

34.     Defendant ISS as a maritime service provider with employees and/or agents on, in, or working the M/V Taokas Wisdom, owed a duty to act in a reasonably prudent manner, and not to cause or contribute to damage to the vessel M/V Taokas Wisdom or its cargo.

35.     As a direct and foreseeable result of Defendant ISS's acts and/or omissions before the loading of the cargo of sulfur in Corpus Christi, TX, the vessel was damaged and/or was placed in a condition in which it was not properly prepared to load sulfur as a direct result of Defendant.

36.     Defendant ISS's conduct was negligent and caused or contributed to damage to the M/V Taokas Wisdom, its Owners, Charterers, and Cargo interests.

37.     As a result of the ISS's negligence, it is liable for all damages incurred or sustained by Plaintiff NORDEN as a result of ISS's negligence, including amounts paid in settlement for claims of damage to the vessel and the cargo.

## FOURTH CAUSE OF ACTION FOR INDEMNITY

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 37 above as if fully stated herein.

39. Plaintiff NORDEN's defense of claims by the vessel owner arising under the Charter between NORDEN and the Owner, and NORDEN's payment of amounts in settlement of those claims arises solely from ISS's acts and/or omissions which caused damage to the vessel.

40. ISS is responsible to indemnify NORDEN for amounts which NORDEN paid in settlement of the Owner's claims, all of which are fair and reasonable, and as to which NORDEN's liability to the Owner arose solely as a result of ISS's acts and/or omissions.

41. ISS is also responsible to indemnify NORDEN for NORDEN's own damages and costs with respect to the defense of Owner's claims, all of which are fair and reasonable, and as to which NORDEN's defense of such claims arose solely as a result of ISS's acts and/or omissions.

WHEREFORE, Plaintiff NORDEN prays:

a. That Plaintiff have judgment against Defendant on all of the foregoing causes of action and be awarded damages in the amount of $1,549,953.02; such damages consisting of NORDEN's own damages and indemnification for amounts paid in settlement to the Owner (and thereby the Cargo Interests) for the claims arising from ISS's conduct as alleged herein in the amount $1,028,654.00, and in the amount of $521,299.02 for NORDEN's own damages and the costs associated with the defense and resolution of the claims with Owner in the London arbitration, such amounts being a just and reasonable costs in defense and settlement of the disputed claims.

b. That the Plaintiff have such other, further and different relief including but not limited to costs, interest and attorneys' fees, as this Court may deem just and proper in the premises.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefax
E-mail: durham@easthamlaw.com

*Attorneys for Plaintiff, Norden Shipping (Singapore) Pte Ltd.*

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.

-and-

OF COUNSEL:
FREEHILL, HOGAN & MAHAR LLP
Michael E. Unger
Eric J. Matheson
80 Pine Street
New York, New York 10005
(212) 425-1900