UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORDEN SHIPPING (SINGAPORE) PTE LTD. | § § § | |
| Plaintiff, | § § | |
| V. | § | C.A. NO. 4:16-cv-00627 |
| INTERSHIP SERVICES, INC. | § § § | |
| Defendant. | § § | |

## ORIGINAL ANSWER OF INTERSHIP SERVICES, INC.

Defendant Intership Services, Inc. ("ISS") files this Original Answer to Plaintiff's Original Complaint (the "Complaint") and would show as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

AND NOW, further answering in response to the specific allegations in the Complaint, ISS states upon information and belief as follows:

1. The allegations contained in Paragraph 1 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

2. The allegations contained in Paragraph 2 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, those allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief therein.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief therein.

8. The allegations contained in Paragraph 8 of the Complaint are denied for lack of information sufficient to justify a belief therein.

9. ISS admits that, in March 2011, it performed services in relation to the Vessel's holds in Corpus Christi, Texas prior to the loading of cargo aboard the Vessel. The remaining allegations contained in Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein.

10. ISS admits that, in March 2011, ISS performed services in relation to the Vessel's holds in Corpus Christi, Texas. The remaining allegations contained in Paragraph 10 of the Complaint are denied for lack of information sufficient to justify a belief therein.

11. The allegations in Paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein.

12. The allegations contained in Paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein.

13. The allegations in Paragraph 13 of the Complaint are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief therein.

15. The allegations contained in Paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief therein.

16. The allegations contained in Paragraph 16 of the Complaint are denied for lack of information sufficient to justify a belief therein.

17. The allegations contained in Paragraph 17 of the Complaint are denied for lack of information sufficient to justify a belief therein.

18. ISS admits that it was notified of the alleged arbitration proceeding prior to the filing of this suit. The remaining allegations contained in Paragraph 18 of the Complaint are denied for lack of information sufficient to justify a belief therein.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

**FIRST CAUSE OF ACTION FOR BREACH OF WARRANTY**

21. The allegations contained in Paragraph 21 of the Complaint do not require a response. However, to the extent that a response is required, such allegations are denied.

22. The allegations contained in Paragraph 22 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

23. ISS admits that ISS performed services in relation to the cargo holds of the Vessel. The remaining allegations contained in Paragraph 23 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

24. The allegations contained in Paragraph 24 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

25. The allegations contained in Paragraph 25 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

28. The allegations contained in Paragraph 28 of the Complaint do not require a response. However, to the extent that a response is required, such allegations are denied.

29. ISS admits that ISS performed services in relation to the cargo holds on the Vessel. The remaining allegations contained in Paragraph 29 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

30. ISS admits that ISS performed services in relation to the cargo holds of the Vessel. The remaining allegations contained in Paragraph 30 of the Complaint are denied for lack of information sufficient to justify a belief therein.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

## THIRD CAUSE OF ACTION FOR MARITIME TORT

33. The allegations contained in Paragraph 33 of the Complaint do not require a response. However, to the extent that a response is required, such allegations are denied.

34. The allegations contained in Paragraph 34 of the Complaint state legal conclusions and/or mixed statements of law and fact to which no response is required. However, to the extent that a response is required, such allegations are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

## FOURTH CAUSE OF ACTION FOR INDEMNITY

38. The allegations contained in Paragraph 38 of the Complaint do not require a response. However, to the extent that a response is required, such allegations are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. To the extent a response to Plaintiff's prayer is required, those allegations are denied.

## THIRD DEFENSE

No conduct of ISS or anyone for whom ISS was responsible was the cause-in-fact, contributing cause or proximate cause of any damages alleged by Plaintiff.

## FOURTH DEFENSE

Plaintiff's alleged damages, if any, were caused exclusively by Plaintiff's own negligence, which negligence is pleaded as a complete bar to, or in diminution of, any recovery by Plaintiff herein.

## FIFTH DEFENSE

The cause of any damages claimed by Plaintiff, or a contributing cause of it, was the fault, carelessness, misconduct, negligence, misuse, and/or want of due care on the part of Plaintiff or third parties or others for whom ISS is not responsible, which acts or omissions serve as a complete bar to, or in diminution of, any recovery by Plaintiff against ISS.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening, intentional and/or superseding causes for which ISS is not legally responsible.

## SEVENTH DEFENSE

Plaintiff has failed to and/or breached its duty to mitigate damages, if any.

## EIGHTH DEFENSE

In the event that ISS is found liable, which is denied, ISS claims that it is entitled to a set-off, reduction or credit for a pro-rata share and/or percentage of fault of Plaintiff and/or any third party whose negligence or strict liability is shown to have caused or contributed to Plaintiff's alleged damages.

## NINTH DEFENSE

Some or all of the claims asserted in the Complaint are time-barred by prescription, preemption, laches, or otherwise, by the passage of time.

## PRAYER

Wherefore, Defendant, Intership Services, Inc., prays that this Original Answer to Plaintiff's Original Complaint be deemed good and sufficient, and that after due proceedings judgment be rendered herein in its favor and against Plaintiff, dismissing the claims and demands asserted by Plaintiff herein, with prejudice, at the cost of Plaintiff and for all general and equitable relief.

Respectfully submitted,

*/s/ Eugene W. Barr*
Dimitri P. Georgantas
Texas State Bar No. 07805100
Federal I.D. No. 2805
Eugene W. Barr
Texas State Bar No. 24059425
Federal I.D. No. 1144784
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone:  713.224.8380
Facsimile:  713.225.9945
dimitri.georgantas@roystonlaw.com
eugene.barr@roystonlaw.com

ATTORNEYS FOR DEFENDANT,
INTERSHIP SERVICES, INC.

OF COUNSEL:
ROYSTON, RAYZOR,
  VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2016, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure and/or via the CM/ECF Filing System and/or by facsimile and/or by depositing the same in the United States Mail, postage prepaid and properly addressed to the following:

William A. Durham
EASTHAM, WATSON, DALE & FORNEY, L.L.P.
808 Travis Street, Suite 1300
Houston, Texas 77002

Michael E. Unger
Eric J. Matheson
FREEHILL, HOGAN & MAHAR, L.L.P.
80 Pine Street
New York, NY 10005

*/s/ Eugene W. Barr*
Eugene W. Barr